# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| S.W., individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 4:23-cv-00351-DGK |
| NATIONSBENEFITS, LLC, et al., ) ) | |
| Defendants. ) | |

## ORDER GRANTING JOINT MOTION FOR TRANSFER OF VENUE

This is a putative class action arising from Defendants alleged unauthorized disclosure of Plaintiff's Personally Identifiable Information ("PII") and Protected Health Information ("PHI"). Now before the Court is the Parties' Joint Motion to Transfer this Case to the United States District Court for the Southern District of Florida. ECF No. 9.

The statute governing transfer of venue, 28 U.S.C. § 1404(a), provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." By enacting § 1404, Congress gave district courts the discretion to transfer cases based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation omitted). In considering a motion to transfer, Courts balance "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice[,]" among other case-specific factors. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

Here, the parties stipulate to transfer because certain plaintiffs filed substantially the same lawsuit in the Southern District of Florida on May 4, 2023 (whereas this case was filed on May 23, 2023), thirteen similar cases were subsequently filed in the Southern District of Florida, and the parties anticipate two other similar cases will be transferred to the Southern District of Florida soon.[1]  Mot. 1–3.  The parties also wish to consolidate the above cases pursuant to Federal Rule of Civil Procedure 42.  *Id.* at 2.  Given this information, the parties represent that transferring this case "would promote the interests of justice and enhance the convenience to witnesses, access to relevant documents and sources of proof, availability of process, and trial efficiency[.]"  *Id.* at 3.  Considering the above factors, the Court finds transfer to the Southern District of Florida is proper.

Accordingly, the Court grants the motion to transfer this case.

**IT IS SO ORDERED.**

DATE:   July 17, 2023                                          /s/ Greg Kays                                     
                                                               GREG KAYS, JUDGE
                                                               UNITED STATES DISTRICT COURT

---

[1] As of the filing of this Order, one of the two cases was transferred to the Southern District of Florida.  *See A.T. v. NationsBenefits Holdings, LLC, et al.*, 6:23-cv-01112-KHV-GEB (D. Kan. Jun. 1, 2023).